UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES KEVIN COOK,

    Plaintiff,

vs.

CASEY'S GENERAL STORES, INC

    Defendant.

Case No.

(Williamson Case No. 2024 LA 33)

### DEFENDANT CASEY'S GENERAL STORES, INC.'S NOTICE OF REMOVAL

**NOW COMES** the Defendant, CASEY'S GENERAL STORES, INC. ("Casey's"), by and through its attorneys JORDAN S. EDELMAN and KOPKA PINKUS DOLIN, and hereby respectfully give notice of the removal of this civil action from the Williamson County Circuit Court, State of Illinois, to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Casey's states as follows:

**I.  BACKGROUND**

On April 1, 2024, Plaintiff James Kevin Cook filed a Summons and Complaint in the Williamson County Circuit Court, State of Illinois, under case number 2024LA33. (*See* Ex. A, Summons & Compl.) Plaintiff alleges he was injured on the premises of Casey's business located at 1117 Grand Avenue, Johnston City, County of Williamson, Illinois. (*See Id*. at ¶1.) The Casey's General Store located at 1117 Grand Avenue, Johnston City, County of Williamson, Illinois is owned by Casey's Retail Company. Both Casey's Retail Company and Casey's General Stores, Inc. are Iowa corporations with their principal places of business in Iowa. (*See* Ex. B, Certificates of Existence.)

## II. GROUNDS FOR REMOVAL

A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions in which there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); 28 U.S.C. § 1332(a). Both requirements are satisfied here.

### A. The parties are completely diverse.

A corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Casey's is an Iowa corporation with its principal place of business in Iowa. Casey's is therefore a citizen of the state of Iowa for the purposes of diversity jurisdiction. *Bartolotta*, 150 F.3d at 731; *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); (*see* Ex. B).

An individual's citizenship, for the purposes of diversity jurisdiction, is determined by their domicile, *see, e.g., Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980), which is the state where a party is physically present with an intent to remain indefinitely, *see Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir.1993). Plaintiff does not identify his residence in his Complaint, but upon information and belief he resides in Illinois. (*See* Ex. A. Compl.) If Plaintiff is a citizen of the State of Illinois for the purposes of diversity jurisdiction, Casey's and Plaintiff are citizens of different states, and complete diversity of citizenship exists.

### B. The amount in controversy exceeds $75,000, exclusive of interest and costs.

Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds

the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014).

Here, the Complaint has an attached Affidavit Pursuant to Supreme Court Rule 222 that alleges the following: "The Undersigned Plaintiff, in accordance with Supreme Court Rule 222(b), states that the total amount of damages sought in this case exceeds $50,000." (*See* Ex. A, Compl. at 4.) Information currently available to Casey's indicates that Plaintiff alleges personal injuries including "temporary[] and permanent[] injury" and that "he has and will in the future expend or incur large sums of money in endeavoring to become cured of the said injuries." (*Id*. at ¶7.) Such allegations and an open prayer for damages greater than $50,000 are more than sufficient to establish that the "stakes" in this case exceed the jurisdictional threshold of $75,000. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-17 (7th Cir. 2006) (holding that the "amount in controversy" is what "the plaintiff hopes to get out of the litigation"); *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (holding that "litany of injuries" plaintiff alleged – including "physical pain and mental anguish" and "medical, health, incidental and related expenses" – established sufficient amount in controversy); *Richardson v. Rasulov*, 2021 WL 1429005, at *1 (S.D. Ind. Apr. 15, 2021) (denying motion to remand because of allegations of permanent physical injuries, mental anguish, loss of income, pain and suffering, and medical expenses). This Court has original jurisdiction under 28 U.S.C. § 1332(a).

**III.    REMOVAL IS TIMELY**

On April 5, 2024, Plaintiff served the Summons and Complaint through Casey's registered agent for service of process. (Ex. A, Compl. at 1.). This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b). *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) ("As applied to the amount-in- controversy requirement, the clock commences only when the

defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums.").

### IV. VENUE IS PROPER

The United States District Court for the Southern District of Illinois is the United States District Court and division embracing the Williamson County Circuit Court, State of Illinois, where this action was filed and is pending. Venue is, thus, proper under 28 U.S.C. § 1441(a).

### V. NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS

As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on Plaintiff and is being filed with the Clerk of the Williamson County Circuit Court. As required by 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served upon Casey's in the state court action are attached hereto as Exhibit A.

### VI. 28 U.S.C. § 1445

None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

### VII. RESERVATION OF RIGHTS AND DEFENSES

Casey's expressly reserves all available defenses. By removing this action to this Court, Casey's does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal shall be construed as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendant Casey's respectfully requests that the entire state court action now pending in the Williamson County Circuit Court, Illinois, as Case Number 2024LA33 be removed to this Court for all further proceedings and that no further proceedings be held in the Williamson County Court, State of Illinois.

Dated this 30th day of April 2024.

                                                  KOPKA PINKUS DOLIN PC
*Attorneys for Defendant Casey's General Stores, Inc.*

                                                  By: */s/ Jordan S. Edelman*
                                                        Jordan S. Edelman
                                                        ARDC No. 6308943

<u>P.O. ADDRESS:</u>
200 West Adams Street, Suite 1200
Chicago, IL 60606
312-782-9920; Facsimile: 312-782-9965
jsedelman@kopkalaw.com